## The Proprietors of Side-Booms in Androscoggin River *vs.* Weld.

Under the private act of *March* 15, 1805, *sec.* 4, incorporating the proprietors of side-booms in *Androscoggin* river, the corporation is entitled to toll for such logs as have been actually stopped, rafted and properly secured for the owner, though the booms were, at the same time, defective, and insufficient to secure other logs of the same owner, then in the booms, and which consequently were lost.

This action, which was *assumpsit*, was brought to recover toll for certain logs stopped in the plaintiff's booms, which were rafted out and delivered to the defendant, being part of the same quantity of logs of which those mentioned in the preceding case composed the residue.

The opinion of the Court was read at the ensuing *September* term, as drawn up by

Mellen C. J. This action is brought to recover the fees by law established for stopping, rafting and securing certain logs in the plaintiffs' boom, which were afterwards safely turned out and delivered to the defendant, to whom they belonged. The claim is resisted, on the ground that the booms and piers of the plaintiffs were not sufficient, nor faithfully made and kept in good repair, as appears by the facts detailed in the report and opinion of the court, in the case of *Weld* against the same proprietors. But we are all of opinion that the action is maintainable, according to the express language of the fourth section of the act of *March* 15, 1805, incorporating these proprietors. The language of the act is this : " The said corporation shall be entitled to and receive of the respective owner or owners of logs, or other lumber, by them stopped in said river, rafted and

14

properly secured for the owner, the following respective fees;" &c. The defendant's logs were thus stopped, rafted and secured for the owner, and he has received them. As to those logs, the piers and booms were sufficient to stop and secure them, although they were not sufficient, as they ought to have been, to resist the unusual pressure, which afterwards broke and carried them away, and occasioned the disaster and loss, for which the present defendant has recovered damages in his action against the corporation. The defendant must be called, and judgment be entered for the plaintiffs.

*Greenleaf* and *Mitchell* for the plaintiffs.

*Allen* and *Packard* for the defendant.